IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEARCY FERGUSON AND HANNA FERGUSON, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-cv-1539-E |
| CINCINNATI INSURANCE COMPANY AND JOHN W. SCHUSTER, | § § § § | |
| *Defendants.* | § | |

## ORDER AND MEMORANDUM OPINION

Before the Court is Plaintiffs' Motion to Remand and Brief in Support. (Doc. 4). After reviewing the motion, response, the record, and applicable law, the Court finds that motion should be, and therefore is, GRANTED.

### I.   Background

This case concerns a residential property insurance coverage dispute between Searcy and Hanna Ferguson (hereinafter "Plaintiffs") and Cincinnati Insurance Company ("Cincinnati"). Plaintiffs suffered damage to their home due to a hail and windstorm and subsequently filed an insurance claim with Cincinnati for the alleged damage. Cincinnati retained the services of a building consulting firm, Young and Associates, to evaluate the property damage and separately retained an engineering firm, EDT Engineering (EDT), to assess the property damage as well. (Doc. 5) Finally, Cincinnati assigned John Schuster ("Schuster") to adjust Plaintiffs' insurance claim.

Schuster issued his report denying Plaintiffs' insurance claim in its entirety. (Doc. 5-3). Plaintiffs responded by providing its own engineering report to Schuster who, in turn, provided the report to EDT. Based on Plaintiffs' engineering firm's findings, EDT revised its own report. Following the revisions, Cincinnati then purports to have "adjusted, estimated, accepted and tendered payment for

part of the claim on September 4, 2020." (Doc. 5 at 2).

Disagreement over the proper amount of reimbursement ensued leading Plaintiffs to sue Cincinnati and Schuster in Texas state court alleging violations of Tex. Ins. Code Sec. § 541.060(a). Cincinnati timely removed this case to federal court arguing that Schuster was improperly joined for the purpose of defeating the requirements of complete diversity. (Doc. 1). Plaintiffs respond by arguing Cincinnati failed to carry its heavy burden of proving improper joinder. (Doc. 4).

## II. Legal Standard

### a. Removal Jurisdiction

Title 28 U.S.C. § 1441(a) permits removal of any civil action brought in state court of which the district courts of the United States would have original jurisdiction. This case was removed based on diversity jurisdiction, 28 U.S.C. § 1332. (Doc. 1). Diversity jurisdiction requires complete diversity whereby "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Moreover, "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Guiterrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). However, complete jurisdiction is not defeated if joinder is improper.

### b. Improper Joinder

"The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one." *See Campbell v. Stone Ins. Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted). There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdiction facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In the instant case, only the latter method of proving improper joinder is at issue.

The Court then conducts a Rule 12(b)(6)-type analysis to determine whether the removing defendant has demonstrated there is no possibility of recovery by the plaintiff against the in-state defendant. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). The analysis utilizes the federal pleading standards incorporated in *Bell Atl. Corp. v. Twombly*. 550 U.S. 544, 570 (2007) (requiring plaintiffs to plead enough facts "to state a claim to relief that is plausible on its face.").

To survive this analysis, Plaintiffs must "plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court will accept well pleaded facts as true and construes the complaint in the light most favorable to the Plaintiffs. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). The Court will not accept as true "legal conclusions couched as factual allegations." *Iqbal*, 556 U.S. at 678.

**III. Analysis**

Cincinnati does not argue that recovery against Schuster is barred by statute; rather, Cincinnati argues that Plaintiffs "fail[ed] to plead any specific facts against Schuster that would demonstrate that he is individually liable for causing damage to Plaintiffs[.]" (Doc. 5). Thus, the sole issue is whether Plaintiffs have sufficiently pled facts to survive a Rule 12(b)(6)-type analysis. Focusing solely on this issue, the Court holds that Plaintiffs satisfied the requirements of Rule 12(b)(6) and that this Court's prior rulings favors remanding this case.

    a. Plaintiffs' pleadings satisfy the requirements of Rule 12(b)(6).

Plaintiffs make no less than five allegations of "misrepresentations by means of deceptive conduct" against Schuster. (Doc. 1-3, pg. 15 ¶ 37). Plaintiff's original pleadings makes the following specific allegations regarding Schuster's conduct:

> [Schuster] failed to account for the entire amount of damages to the property, including the tile roof, and severely undervalued the custom bay windows and copper roof by more than $30,000. As evidence of his inadequate investigation, Schuster's estimate includes the replacement of one panel in the bay window. Schuster mistakenly believes that the bay

window was once (sic) piece when in reality each bay window is made up of seventy panels. (Doc. 1-3). Plaintiffs then claim Defendant Cincinnati relied upon this substandard investigation resulting in significant underpayment to Plaintiffs.

This level of specificity goes beyond simply reciting the elements of the various causes of action outlined in TEX. INS. CODE § 541.060 (a), particularly TEX. INS. CODE § 541.060 (a)(7), and is enough to survive the Rule 12(b)(6) analysis as defined in *Twombly* and *Iqbal*. The Court need not delve into Plaintiffs' probability of recovery from Schuster; the plausibility of recovery from him is enough to warrant remand. *See Twombly*, 550 U.S. at 570.

Furthermore, Cincinnati's removal fails to analyze this portion of Plaintiffs' pleadings by writing off the allegations against Schuster entirely as "generic" and "conclusory." (Doc. 1). Plaintiffs' motion to remand highlights the above quoted portion of the pleadings as proof they met the requirements. But, again, Cincinnati failed to address those specific allegations, this time in its response to Plaintiffs' motion to remand. (Doc. 5). Thus, Cincinnati has failed to carry its heavy burden of proving improper joinder.

    b.   The Northern District of Texas's prior rulings confirms remand is warranted.

This Court recently remanded a nearly identical suit. *See, e.g.*, *Conrad v. Cincinnati Ins. Co.*, No. 3:21-cv-1533-D, 2021 U.S. Dist. LEXIS 212309, at *10-*12 (N.D. Tex. Nov. 3, 2021) (Fitzwater, J). The *Conrad* case was filed at roughly the same time as the instant case and against the same insurance company (Cincinnati) and adjuster (John Schuster). *Id* at 1. Because the fact patterns are so similar between the two cases, the arguments Cincinnati put forth in its *Conrad* briefing are, with few exceptions, copy and pasted into its remand briefing for the instant case. Judge Fitzwater rejected those arguments there; and the Court finds no reason to not reject those same arguments made here.

Other Judges of this Court were presented with similar fact patterns, lawsuits against out-of-state insurance companies and in-state adjusters, and decided those cases in favor of remand. *See, e.g.*, *Griffin Street Mgmt, Inc. v. State Farm Lloyds*, No. 3:17-cv-2798-N, 2020 U.S. Dist. LEXIS 138149, at *8 (N.D. Tex. May 4, 2020) (Godbey, J.); *Arrow Bolt & Elec., Inc. v. Landmark Am. Ins. Co.*, No.

3:17-cv-1894-M, 2017 U.S. Dist. LEXIS 169114, at *9 (N.D. Tex. Oct. 12, 2017) (Lynn, C.J); *Martinez v. State Farm Lloyds*, No. 3:16-cv-00040-M, 2016 U.S. Dist. LEXIS 111334, at *8 (N.D. Tex. Aug. 22, 2016) (Lynn, C.J.). Although the *Conrad* ruling came after the briefing for the instant case, a long list of cases from this Court favoring remand came before. Cincinnati's brief failed to acknowledge any of them and failed to explain why they should not be followed. For all the reasons stated above, the Court finds Cincinnati failed to carry its heavy burden of proving Schuster was improperly joined.

## IV. Conclusion

Because Schuster was not improperly joined, his citizenship destroys complete diversity. Therefore, the motion to remand this case to state court is hereby GRANTED.

SO ORDERED: February 8, 2022

Ada Brown
UNITED STATES DISTRICT JUDGE